Núm. 7415.—RODRÍGUEZ, ETC., aplte. *v.* SUCN. RODRÍGUEZ, aplda.— C. D. Mayagüez. ▆▆▆▆ Marzo 23, 1938.

(Por la Corte, a propuesta del Juez Asociado Sr. Hutchison.)

POR CUANTO, el juez de distrito en su relación del caso y opinión dijo:

"Considerada detenidamente la prueba, la corte ha llegado a la conclusión de que el demandante no probó en forma alguna el concubinato de su madre natural con el alegado padre, Baldomero Rosado Fussá.

"La prueba de la paternidad, tomando en consideración por sí solo la evidencia introducida por la parte demandante, resultaría demasiado débil, ya que sobre la misma no declaró nadie más que la madre del demandante, cuya declaración no pudo ser más vaga e incierta.

"El testimonio del testigo José Moreno no mereció crédito alguno del juez de esta corte, no solamente por su forma de declarar, si que también porque su declaración no puede armonizarse con el resto de la evidencia de la propia parte demandante, pues mientras dicho testigo declaró que el demandante nació en la casa del testigo a las ocho de la noche y que al otro día le dió la noticia a don Baldomero Rosado y éste le dió un vale para la tienda y $2 para pagar la partera, la madre del demandante declaró que había nacido por la madrugada en la casa del padre de ella o sea de Ramón Rodríguez Vega, abuelo del demandante, lo cual aparece así mismo de la certificación de nacimiento ofrecida en evidencia. También otro testigo del demandante de apellido Rodríguez declaró que don Baldomero Rosado había pagado él personalmente a la partera en su presencia y en casa de la madre del demandante algunos días después del nacimiento de éste.

"La corte ha llegado además a la conclusión que el demandante nunca estuvo en la posesión continua del estado de hijo natural de Baldomero Rosado Fussá justificado por actos de dicho Baldomero Rosado Fussá o de sus familiares. A esta conclusión ha llegado la corte tomando en consideración no solamente el testimonio de los testigos ofrecidos en evidencia por la sucesión demandada, si que también la propia prueba del demandante, cuyos testigos no merecieron crédito alguno de la corte; por el contrario, los testigos de la parte demandada, por sus relaciones de íntima amistad y familiaridad con don Baldomero Rosado y Fussá y los familiares de éste, se encontraban en condiciones de conocer y hubieran tenido conocimiento de cualquiera relación de esta índole que hubiese podido existir entre el demandante y dicho don Baldomero Rosado y Fussá, ya que visitaban algunos casi a diario y otros periódicamente y a cortos intervalos de tiempo la residencia de dicho señor Rosado tanto en Rincón como en Mayagüez, y por la forma de declarar dichos testigos, por la naturaleza de la declaración de los mismos, y por la reconocida probidad de éstos, la corte le da entero crédito a sus declaraciones, las cuales controvierten la evidencia presentada por la parte demandante y destruyen toda posibilidad de la existencia de tales relaciones entre el demandante y dicho don Baldomero Rosado Fussá.

"La corte ha llegado así mismo a la conclusión que el demandante nunca vivió en compañía de don Baldomero Rosado ni en la casa de éste ni en el barrio Calvache de Rincón ni en su residencia de Mayagüez. El testigo don Juan Rosado, hijo legítimo de don Baldomero Rosado, declaró que nunca había visto al demandante en su hogar y que le conoció en el barrio Calvache de Rincón trabajando como jornalero. Otro testigo, Luis Rosado, hijo del causante Baldomero Rosado declaró que solamente hacía quince días que había visto por primera vez al demandante, esto es, durante la vista del primer juicio.

"No hubo evidencia alguna de que don Baldomero Rosado suministrase o proveyese para la educación del demandante, y de la evidencia practicada la corte ha llegado a la conclusión de que tampoco suministró alimentos y vestidos, pues mientras los hijos del causante, o sean los demandados, son profesionales, el demandante no sabe leer ni escribir, y la evidencia demostró que hasta que fué mayor de edad anduvo descalzo y vestía como un jornalero y como tal trabajaba en el barrio Calvache de Rincón.

"En resumen, la prueba del demandante no puede equipararse en calidad ni fortaleza con aquella de los demandados, y la del primero no es ni clara, ni robusta ni convincente, y no puede justificar una sentencia de filiación a su favor."

Por cuanto, los únicos supuestos errores señalados por el apelante son los siguientes:

"Primero. La corte inferior cometió error al declarar que el demandante nunca estuvo en la posesión continua de hijo natural de Baldomero Rosado y Fussá.

"Segundo. La corte inferior cometió error al declarar que el demandante nunca vivió en compañía de Baldomero Rosado Fussá y cometió error manifiesto al comparar la evidencia del demandante con la de los demandados y negarle crédito a la primera y dárselo todo a la segunda, sin base ni fundamento legal alguno para ello."

Por cuanto, examinada la transcripción de la evidencia a la luz de los alegatos, no encontramos error alguno en la apreciación de la prueba tan manifiesto que exija una revocación de la sentencia apelada.

Por tanto, se confirma la sentencia que dictó la Corte de Distrito de Mayagüez en junio 26, 1935.

El Juez Asociado Sr. Córdova Dávila no intervino.